UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION NO. |
| VS. ) | |
| ) | 3:92-CR-494-G |
| WILLIAM TODD GAY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion of the defendant Todd W. Gay ("Gay") to amend the judgment issued by this court in criminal proceedings against him (docket entry 7). For the reasons set forth below, the defendant's motion is denied.

I. BACKGROUND

Gay filed this motion *pro se* to amend what he alleges is an "oversight" in the court's previous judgment. Motion to Amend Judgment ("Defendant's Motion") at 2. On May 18, 1993, this court issued a judgment and commitment order sentencing the defendant to a 170-month term of imprisonment. *Id.* at 1. The defendant contends that the judgment states that "the defendant is to be given credit for any

time served in federal custody on this charge," but the Federal Bureau of Prisons refuses to grant him credit for the "six (6) months and sixteen (16) days" that he spent in a federal holding facility in Texas, between December 12, 1992 and June 25, 1993, on a federal writ issued in connection with the offense of which he was convicted. *Id.* at 1-2.

The government argues that the defendant's motion should be denied because his claim has been fully adjudicated and repeatedly determined to be without merit. Government's Response to the Defendant's Motion to Amend Judgment ("Government's Response") at 3-4 ¶¶ 8-9 (docket entry 9). The government highlights previous attempts by the defendant to raise this same issue in this court, *United States v. Gay*, No. 3:03-CV-2815-G, 2004 WL 246247 (N.D. Tex. Feb. 2, 2004) (Kaplan, M.J.), and in the Arizona district court, *Gay v. Winn*, No. CIV 08-273-TUC-CJK, 2009 WL 275324 (D. Ariz. Feb. 5, 2009), as evidence that the defendant's claim has been fully adjudicated. *Id.* at 1 ¶ 2. According to the government, the defendant's motion to amend is in effect a third habeas corpus petition under 28 U.S.C. § 2241 because the relief he seeks is not available via a motion to amend. *Id.* at 1 ¶ 3.

## II. ANALYSIS

The defendant incorrectly moves to amend his criminal judgment under Rule 60 of the Federal Rules of Civil Procedure. *See generally* Defendant's Motion. Even

time served in federal custody on this charge," but the Federal Bureau of Prisons refuses to grant him credit for the "six (6) months and sixteen (16) days" that he spent in a federal holding facility in Texas, between December 12, 1992 and June 25, 1993, on a federal writ issued in connection with the offense of which he was convicted. *Id.* at 1-2.

The government argues that the defendant's motion should be denied because his claim has been fully adjudicated and repeatedly determined to be without merit. Government's Response to the Defendant's Motion to Amend Judgment ("Government's Response") at 3-4 ¶¶ 8-9 (docket entry 9). The government highlights previous attempts by the defendant to raise this same issue in this court, *United States v. Gay*, No. 3:03-CV-2815-G, 2004 WL 246247 (N.D. Tex. Feb. 2, 2004) (Kaplan, M.J.), and in the Arizona district court, *Gay v. Winn*, No. CIV 08-273-TUC-CJK, 2009 WL 275324 (D. Ariz. Feb. 5, 2009), as evidence that the defendant's claim has been fully adjudicated. *Id.* at 1 ¶ 2. According to the government, the defendant's motion to amend is in effect a third habeas corpus petition under 28 U.S.C. § 2241 because the relief he seeks is not available via a motion to amend. *Id.* at 1 ¶ 3.

## II. ANALYSIS

The defendant incorrectly moves to amend his criminal judgment under Rule 60 of the Federal Rules of Civil Procedure. *See generally* Defendant's Motion. Even

so, because the defendant is *pro se*, a liberal construction of his motion is in order. See *United States v. Alanis*, 88 F. App'x. 15, 18 (5th Cir. 2004) (per curiam) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)) ("[W]e liberally construe the pleadings of those who proceed pro se."). Thus, the court must look to the substance, not the label, of the motion to determine the relief that he requests. *Armstrong v. Capshaw, Goss & Bowers, LLP*, 404 F.3d 933, 936 (5th Cir. 2005) (citing *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) (en banc)). In this case, the defendant's motion might reasonably be construed as a motion to amend the judgment under Rule 36 of the Federal Rules of Criminal Procedure because he alleges an "oversight" in the judgment issued by the court in criminal proceedings against him, or as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 because he requests credit for the time that he spent in federal custody in connection with the underlying offense.

### A. FED. R. CRIM. P. 36

Under Rule 36, a court "may at any time correct a clerical error in a judgment, . . . or correct an error in the record arising from an oversight or omission." FED. R. CRIM. P. 36. The rule authorizes a court to correct "only clerical errors in the *transcription* of judgments . . . ." *United States v. Werber*, 51 F.3d 342, 343 (2d Cir. 1995) (emphasis added). A clerical error occurs "when 'the court intended one thing but by merely clerical mistake or oversight did another.'" *United States v.*

*Buendia-Rangel*, 553 F.3d 378, 379 (5th Cir. 2008) (per curiam) (quoting *United States v. Steen*, 55 F.3d 1022, 1026 n.3 (5th Cir. 1995)).

In the present case, the defendant does not seek to correct a clerical mistake or oversight as contemplated by Rule 36. Instead, he attacks the manner in which the judgment is being implemented -- arguing that the intention of the sentencing court is not being followed because the Federal Bureau of Prisons refuses to credit him for the time he spent in federal custody while awaiting sentencing. Defendant's Motion at 2 ("It is clearly an oversight that this court's wording was not exactly how the Federal Bureau of Prisons requires in order to follow Your Honors [*sic*] wishes."). As the Fifth Circuit has consistently made clear, however, "A claim for time served prior to the date of a federal sentence is not cognizable in a proceeding pursuant to FED. R. CRIM. P. 36. The claimant must instead proceed via a petition for habeas corpus under 28 U.S.C. § 2241." See *United States v. Mares*, 868 F.2d 151, 151 (5th Cir. 1989) (per curiam). The defendant's motion aims to correct what he perceives as a defect in the execution of his sentence, not a clerical error made by the sentencing court, and his claim cannot properly be resolved under Rule 36. *Id.* at 151. Accordingly, insofar as it can be construed as seeking relief under Rule 36, the defendant's motion to amend is denied.

B. <u>28 U.S.C. § 2241</u>

To the extent the defendant's motion should be liberally construed as seeking habeas corpus relief under 28 U.S.C. § 2241, his petition is denied because his claim has already been adjudicated. *See* 28 U.S.C. § 2244(a). Where, as here, a defendant challenges the manner in which his sentence is being executed, rather than the validity of his sentence or conviction, his motion is best understood as a 28 U.S.C. § 2241 habeas corpus petition. See *United States v. Brown*, 753 F.2d 455, 456 (5th Cir. 1985) (per curiam). 28 U.S.C. § 2244(a), however, provides that "[n]o circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus . . . ." 28 U.S.C. § 2244(a). Here, the defendant has twice before petitioned unsuccessfully for habeas relief, once in this court and once in the Arizona district court, raising the same issue that he presses here -- that he be credited for time spent in federal custody prior to sentencing. See *Gay*, 2004 WL 246247, at *1-2; *Winn*, 2009 WL 275324, at *2-3; see also *Gay v. United States*, No. Civ. A. 3:03-CV-2815-G, CR. A. 3-92-CR-494-G, 2004 WL 743714, at *1 (N.D. Tex. Feb. 24, 2004) (Fish, C.J.). The defendant's claim, therefore, has already been fully adjudicated and denied on the merits. As a result, to the extent the defendant's motion might be

liberally construed as a petition for writ of habeas corpus, the defendant's petition is denied under 28 U.S.C. § 2244(a).

III. CONCLUSION

For the reasons stated above, the defendant's motion to amend under F.R. CRIM. P. 36 the judgment is **DENIED**, and his motion -- liberally construed as a petition for writ of habeas corpus under 28 U.S.C. § 2241 -- is also **DENIED**.

**SO ORDERED**.

December 17, 2010.

_____
**A. JOE FISH**
**Senior United States District Judge**